ELMORE E. SUTTON

*v.*

JOSEPH MILLER *et al.*

*Opinion filed February 21, 1906.*

1. SPECIFIC PERFORMANCE—*specific performance is not a matter of right, irrespective of equities.* Specific performance of a contract ·will not be decreed if there is anything which makes it inequitable, from a change of circumstances or otherwise, that the complainant should have his contract performed.

2. SAME—*when specific performance is properly denied.* Specific performance of a contract to convey land is properly denied when the complainant refused to accept the abstract of title tendered, and, after several attempts by the defendant to correct the alleged defects, notified the defendant that he would not accept a conveyance and demanded payment of the amount agreed upon to be forfeited, in reliance upon which notice and demand the defendant re-possessed himself of the premises and remained in possession two months before the bill was filed.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding.

CHAFEE & CHEW, for plaintiff in error.

R. M. PEADRO, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the first day of May, 1903, the plaintiff in error filed his bill in chancery in the circuit court of Shelby county against the defendants in error to compel the said defendants in error to specifically perform a contract alleged to have been entered into between the parties to this appeal for the conveyance of certain real estate in said Shelby county. Demurrers were filed to the bill by both of the defendants in error, which were overruled, and the defendant in error Mary Miller electing to stand by her demurrer, a decree *pro confesso* was entered as to her. The defendant in error Joseph Miller answered the bill, and upon a hearing before

the court a decree was entered dismissing the bill for want of equity. A writ of error sued out of this court brings the record before us for review.

Briefly stated, the facts are as follows: On the 4th day of June, 1902, a written contract for the sale of a certain eighty-acre tract of land in Shelby county by the defendant in error Joseph Miller to the plaintiff in error for the sum of $6800 was entered into, which provided that $300 should be paid at the date of signing the contract; that the plaintiff in error should be entitled to the possession of the premises on or before the 15th day of June, 1902, and have the rents for that year; that an abstract should be furnished on or before the 20th of February, 1903, showing "salable title," and that a warranty deed should be tendered March 3, 1903, at which time the remainder of the purchase money should be paid. The agreement provided for a forfeiture of the sum of $1000 by the party to the agreement who should fail or refuse to comply with the same, which said sum of $1000 was declared to be liquidated damages. The title to the property was not in the defendant in error Joseph Miller, but it was in his wife, Mary Miller, his co-defendant in error. The proof showed that the plaintiff in error paid the $300 at the time the contract was signed and received possession of the premises shortly thereafter, and that he received the rents for the year 1902, amounting to about $485. Within the time specified in the contract the defendant in error Joseph Miller submitted an abstract of title for the examination of the attorney for the plaintiff in error, and at the same time exhibited to the plaintiff in error a deed executed by himself and wife conveying the land to the plaintiff in error, which deed he proposed to deliver on payment of the purchase money. Many objections were found to the abstract and different attempts were made to correct the alleged deficiencies in the title. On February 24, 1903, the attorney for the plaintiff in error wrote to the defendant in error Joseph Miller a letter reciting various objections to

the title as shown by the abstract, and concluded as follows: "In view of all this, Mr. Sutton directs me to say that he cannot accept conveyance and pay you the money, but rather than have his money tied up in uncertainties you may pay to him the $1000 forfeit provided in the agreement. Giving you credit on this for $185 received for rent in excess of the money he paid you, will leave a balance of $815. You may send a draft for that amount to me here, or direct to him, if you prefer, and I will see to it that he prepares and there is sent to you a proper release and satisfaction from all further liability under the contract." Prior to the writing of this letter the defendants in error had delivered to the attorney for the plaintiff in error several deeds in the chain of title to the land, and on the next day after the above quoted letter was written, the attorney for the plaintiff in error returned these deeds to the defendants in error, accompanied by a note saying, "they do not fill the requirements as indicated in my letter written yesterday and my previous letters." When these deeds and this letter were received the defendant in error Joseph Miller went to a Mr. Kidwell, who had contracted with Sutton, the plaintiff in error, to farm the land for the coming season, and notified Kidwell to turn over the land to him on the 5th day of March, and also notified Kidwell not to go upon the land. Kidwell complied, and defendant in error entered into possession of the land about March 5, 1903. He seems to have remained in possession without objection for more than two months, and then this bill was filed asking the court to compel the defendants in error to make conveyance of the land to the plaintiff in error.

A decree for the specific performance of a contract for the sale of land is not a matter of right, but a bill for the specific performance of such a contract is addressed to the sound legal discretion of the court, and the court will be governed, to a great extent, by the facts and circumstances of each particular case. (*Harrison* v. *Polar Star Lodge,* 116 Ill. 279; *McDonald* v. *Minnick,* 147 id. 651.) The plaintiff

in error, after having received the abstracts tendered by the defendants in error, made many objections thereto, and after several attempts by the defendants in error to cure the alleged defects in the title to the property, he directed his attorney to write the defendants in error that he would not accept the conveyance or pay the money therefor, and ordered his attorney to demand payment of the $1000 stipulated in the contract as liquidated damages, authorizing him to give credit for the rents collected by the plaintiff in error while in possession under the contract, which left a balance of $815, and he demanded that sum should be paid to him. These directions were complied with by the attorney for the plaintiff in error, and the defendants in error, relying on these letters as an election by the plaintiff in error to abide his remedy at law to recover the $1000 named in the agreement as damages and as a release of any claim he might have for a conveyance of the land, re-entered into possession of the land and proceeded to deal with it as their own, without objection on the part of the plaintiff in error, so far as the record discloses, until the bill was filed. The defendants in error were justified in believing that no further claim of a right to a conveyance of the land would be made,—in fact that the plaintiff in error would not accept such title as the defendants in error were able to convey, but had elected to resort to his claim for damages.

Specific performance of a contract is a matter resting in the sound discretion of the chancellor, and will not be enforced if there is anything that makes it unconscionable, from a change of circumstances or otherwise, that the party should have execution of his agreement. *Taylor* v. *Merrill,* 55 Ill. 52; *East St. Louis Connecting Railway Co.* v. *City of East St. Louis,* 182 id. 433.

In view of the circumstances disclosed by this record the chancellor did not err in dismissing the bill for want of equity. The decree will therefore be affirmed.

*Decree affirmed.*